**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **CRIMINAL CASE NO. PWG-01-211** |
| | * | (Civil Case No.: PWG-13-2625) |
| **JEFFREY MCCOY** | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Jeffrey McCoy seeks *coram nobis*[1] relief pursuant to 28 U.S.C. § 1651, after having pled guilty to possession of a firearm by a person convicted of a crime for which the punishment is more than one year, a violation of 18 U.S.C. § 922(g)(1). Pet. 1. Relevantly, he possessed a firearm in March 2001, after having been convicted in the District of Columbia Superior Court two months earlier of attempted possession with intent to distribute cocaine. Notwithstanding the undisputed fact that the predicate offense carried a maximum prison term of thirty years, *see* D.C. Code § 48-904.01(a)(2)(A); Def.'s Reply 2; Gov't Opp'n 4, Defendant argues that his prior conviction was not a felony conviction for purposes of § 922(g)(1), such that his conviction in this Court should be vacated based on his actual innocence. Def.'s Pet. 1; Def.'s Reply 2. Alternatively, he contends that I should vacate his conviction due to ineffective assistance of counsel. *Id.* Because Defendant's prior conviction was indeed a felony conviction and the record shows that Defense counsel did not provide ineffective assistance, I will deny the Petition.

---

[1] Defendant filed a petition on September 9, 2013 that the clerk docketed as a motion to vacate under § 2255. ECF No. 33. He then stated that his September 9, 2013 filing was a Petition for Writ of Error Coram Nobis. ECF No. 35. The Government filed an Opposition to Petition for Writ of Error Coram Nobis, ECF No. 42, and Defendant filed a Reply, ECF No. 45. Therefore, I construe the pending motion as a Petition for Writ of Error Coram Nobis. *See* Fed. R. Civ. P. 1. The Government "agree[s] for purposes of this case that *coram nobis* is available for the defendant to request relief." Gov't Opp'n 1.

The writ of error *coram nobis* is "a remedy of last resort" that "is granted only where an error is 'of the most fundamental character' and there exists no other available remedy." *United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012) (quoting *United States v. Mandel*, 862 F.2d 1067, 1075 (4th Cir. 1988)). It "is narrowly limited to 'extraordinary cases presenting circumstances compelling its use to achieve justice.'" *Id.* (quoting *United States v. Denedo*, 556 U.S. 904, 911 (2009) (citation omitted). Typically, *coram nobis* is "available only to remedy 'factual errors material to the validity and regularity of the legal proceeding itself.'" *Oriakhi v. United States*, 2013 WL 524787, at *1 (D. Md. Feb. 12, 2013) (quoting *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (internal quotations omitted)).

> A petitioner seeking this relief must show that "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character."

*Akinsade*, 686 F.3d at 252 (quoting *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987)). To establish the fourth element, the petitioner must first establish that there was an error, and to do so, the petitioner must overcome the Court's presumption that "the underlying proceedings were correct." *Oriakhi*, 2013 WL 524787, at *1.

Defendant insists that the error is that he "is 'actually innocent' of 922(g)(1)" because, in his view, the predicate offense was not an offense that 'could have received a sentence exceeding one year's imprisonment.'" Def.'s Pet. 1. He relies on the fact that, even though he could have been sentenced for up to thirty years imprisonment, he was "a first time offender" and, as such, he was sentenced only to one year of confinement.[2] Def.'s Pet. 1; *see* Def.'s Reply 1–2. In the

---

[2] Specifically, he received "1 year confinement under the Youth Rehabilitation Act" and "2 years supervised probation," with the sentence suspended. Def.'s Pet. 1. Then, probation was revoked and he "was sentence[d] to 1 year confinement followed by 2 years probation." *Id.*

Government's view, it is enough that Defendant "*could* have been sentenced to a much greater period of incarceration," because "[t]his conviction under 18 U.S.C. § 922(g) requires merely that the defendant had been convicted 'of a crime punishable by a term of imprisonment exceeding one year.'"  Gov't Opp'n 4 (emphasis in original).

Whether Defendant's prior offense was one for which he could have "receive[d] a sentence exceeding one year's imprisonment" depends on Defendant's "'conviction itself,'" and not "the 'mere possibility that [Defendant's] conduct, coupled with facts outside the record of conviction, could have authorized' a conviction of a crime punishable by more than one year's imprisonment."  *United States v. Simmons*, 649 F.3d 237, 244–45 (4th Cir. 2011) (en banc) (citation omitted).  Thus, the Court cannot rely on either "hypothetical aggravating factors" or hypothetical findings that would "expose [Defendant] to a higher sentence" when determining the Defendant's maximum imprisonment.  *Id.* at 243–44.  Rather, the Court "must examine the maximum sentence that the state court could have imposed on a person with that particular defendant's actual criminal history and level of aggravation."  *United States v. Cozart*, 496 F. App'x 280, 281–82 (4th Cir. 2012); *see Miller v. United States*, 735 F.3d 141, 145 (4th Cir. 2013) ("After *Simmons*, an individual is not prohibited from possessing a firearm unless *he* could have received a sentence of more than one year for at least one of his prior convictions"; it is no longer relevant whether "a hypothetical defendant charged with the same crime could have received more than one year in prison." (emphasis added)).  The *Simmons* holding applies to § 922(g)(1).  *Cozart*, 496 F. App'x at 282.  Significantly, when "felony convictions do not qualify as predicate felonies for purposes of federal law, . . . those defendants are actually innocent of the § 922(g)(1) offense of which they were convicted."  *Miller*, 735 F.3d at 145.

Because the necessary facts were not available to me based on the parties' initial filings, I ordered the Government to supplement its filing

> to identify (1) the sentencing guidelines that informed the D.C. Superior Court's decision; (2) any information in the record that the court could have considered in making its decision; and (3) the maximum period for which Defendant in particular could have been sentenced, based on the then-applicable sentencing criteria and Defendant's criminal history at the time.

Mem. Op. & Order 7, ECF No. 52. The Government filed a Supplemental Response, ECF No. 53. Defendant had an opportunity to respond, but did not do so. Mem. Op. & Order 7.

According to the Government, "the defendant faced a maximum penalty of 30 years imprisonment," and "[t]he PSR does not indicate that any circumstances existed to change, reduce or restrict that penalty." Gov't Supp. Resp. 1. The Government states that no sentencing guidelines existed. *Id*. The Government's attachments corroborate its assertions. *See* Presentence Report, Gov't Supp. Resp. Att. A, ECF No. 53-1 (noting maximum sentence of thirty years; noting that it was Defendant's "first known arrest[]" but that Defendant "appeared to shirk his responsibility"; recommending "[p]robation with conditions and with provisions of the Youth Rehabilitation Act, [D.C. Code §] 24-803(a));[3] Tischner Aff., Gov't Supp. Resp. Att. B,

---

[3] Former D.C. Code § 24-803, now § 24-903, provides "sentencing alternatives" without limiting "the options already available to the court," as follows:

> (a)(1) If the court is of the opinion that the youth offender does not need commitment, it may suspend the imposition or execution of sentence and place the youth offender on probation.
>
> . . .
>
> (b) If the court shall find that a convicted person is a youth offender, and the offense is punishable by imprisonment under applicable provisions of law other than this subsection, the court may sentence the youth offender for treatment and supervision pursuant to this subchapter up to the maximum penalty of imprisonment otherwise provided by law. . . .
>
> (d) If the court shall find that the youth offender will not derive benefit from treatment under subsection (b) of this section, then the court may sentence the youth offender under any other applicable penalty provision.

4

ECF No. 53-2 (Affidavit of Chief of the Superior Court Division of the U.S. Attorney's Office for the District of Columbia, stating that "[t]he offense carries a maximum penalty of 30 years imprisonment" and that "[t]he District Code contained no mandatory sentencing guidelines or special circumstances that made the defendant subjected to any lesser maximum period of imprisonment").

It is now clear that Defendant, despite his lack of criminal history and aggravating circumstances, could have been sentenced to more than one year imprisonment in the D.C. Superior Court for the predicate offense. *See* D.C. Code § 48-904.01(a)(2)(A); Presentence Report; Tischner Aff. Therefore, he was guilty of a violation of 18 U.S.C. § 922(g)(1) based on his possession of a firearm when he previously had been convicted of a crime for which the punishment *he* could have received was more than one year. *See* 18 U.S.C. § 922(g)(1); *Miller*, 735 F.3d at 145 (stating that court must consider Defendant's particular circumstances at sentencing); *Simmons*, 649 F.3d at 243–45 (same). There was no error in viewing the predicate offense as a felony, and *coram nobis* relief is not available to Defendant on this basis. *Carlisle*, 517 U.S. at 429 (requiring error for *coram nobis* relief); *Akinsade*, 686 F.3d at 252 (same).

As for Defendant's claim of ineffective assistance of counsel, I "must consider whether counsel's [alleged] misadvice is an error of the 'most fundamental character' such that coram nobis relief is required to 'achieve justice.'" *Akinsade*, 686 F.3d at 252–53 (quoting *Denedo*, 556 U.S. at 911). To do so, I "examine the merits of [Defendant's] ineffective assistance of counsel claim to decide whether [Defendant] has been prejudiced." *Id.* at 253. Defendant has shown prejudice if he has "demonstrate[d] that but for his counsel's error, there is a reasonable

---

(f) Subsections (a) through (e) of this section provide sentencing alternatives in addition to the options already available to the court.

probability that he would not have pled guilty and would have insisted on going to trial." *Id.* (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Defendant alleges that his "Counsel failed to explain all circumstance[s] of the elements of charges, the plea agreement, nor did defendant[']s Counsel explain that this charge will adversely affect any future cases." Pet. 1. He insists that "[i]f defendant would have known that he was actually innocent of the charges, and knew that this charge would have affected Defendant[']s sentence, custody and classification," he "would have never plead [sic] guilty to a charge that was obtained unconstitutionally." *Id.* at 2. Yet, as noted, Defendant was not "actually innocent." Moreover, the sentencing colloquy belies Defendant's claim that he did not know the effects of the charge. *See* Tr. 3:14–15:17, Def.'s Opp'n Ex. 1, ECF No. 42-1. Specifically, at the September 19, 2002 Rule 11 proceedings, Defendant said that he understood the elements of the crime; he read, understood, and signed the plea agreement; he discussed the case to his satisfaction with counsel; and he understood the consequences of his guilty plea. *Id.* Consequently, Defendant has not shown any prejudice because he has not demonstrated an error by counsel that led him to plead guilty instead of going to trial. *See Akinsade*, 686 F.3d at 253. Therefore, Defendant has not shown ineffective assistance of counsel as a basis for *coram nobis* relief. *See id.*

Defendant's Petition IS DENIED. The Clerk SHALL SEND a copy of this Memorandum Opinion and Order to Defendant and SHALL CLOSE civil case PWG-13-2625.

Dated: <u>March 19, 2015</u>                             /S/
                                                                Paul W. Grimm
                                                                United States District Judge

6